(26 Misc. Rep. 440.)

MANNING et al. v. MERCANTILE TRUST CO. et al.

(Supreme Court, Special Term, New York County. February, 1899.)

CORPORATIONS—ACTION BY STOCKHOLDERS—ATTORNEYS.

Where plaintiff sues as a stockholder in his own behalf, and on behalf of others who may join to cancel contracts made by a corporation in alleged fraud of his rights, and another stockholder is joined as plaintiff, in so much as the claims of plaintiffs are consistent in purpose, and in order to prevent vexation, the plaintiff added by order of the court must be represented by the attorneys for the original plaintiff, unless otherwise ordered.

Action by James E. Manning and others against the Mercantile Trust Company and others. Motion by defendants to vacate an order whereby a certain party was allowed to become a party plaintiff, or to modify such order so that all the plaintiffs should appear by the attorney of the original plaintiff in the action. Motion granted.

Baldwin & Boston, for plaintiff Manning.

James Harold Warner, for plaintiff Jones.

Root, Howard, Winthrop & Stimson (Elihu Root, of counsel), for defendants Pruyn and others.

Cary & Whitridge, for defendants Moore and others.

RUSSELL, J. This motion by the defendants Pruyn and others presents an earnest request for relief from the embarrassment of procedure in a litigation wherein the plaintiff Jones appears by a different attorney from those representing the original plaintiff, and takes the initiative in notices and motions which require attention by the other parties to the litigation. The action was brought by the plaintiff Manning in January, 1898, as a stockholder of the Bay State Gas Company of Delaware, to cancel contracts of consolidation with gas companies in other states, and set aside certain trust agreements. The plaintiff Jones was allowed, as the action was brought for the benefit of all equally

interested, on the 17th of June, 1898, to be made a party plaintiff to the action, and the summons and proceedings were amended accordingly. No provision was made for the appearance of Jones by separate attorney, but thereafter he did so appear, and moved for the issuance of commissions to examine witnesses in other states, upon notices of motion not joined in by the other plaintiffs. The defendants moving thereupon request the court to vacate the order allowing Jones to be made a party plaintiff, or to resettle and modify that order so that all of the plaintiffs shall appear by the attorneys for the original plaintiff Manning.

It is plain there can be but one master of a litigation on the side of the plaintiffs. It is also plain that it would be as easy to drive a span of horses pulling in diverging directions, as to conduct a litigation by separate, independent action of various plaintiffs, acting without concert, and with possible discord. The plaintiffs are the ones who start the litigation. Upon them rests the burden of its proper prosecution, to avoid dismissal for laches, or defeat upon trial. The plaintiff Manning was the first of the stockholders to complain, in the courts of this state, of the action alleged to be injurious to the interests of the Bay State Gas Company of Delaware. He is now joined by Jones, another stockholder, who comes into this action, within the force of the litigation first brought by Manning, and must come subordinate to the rights of that plaintiff to prosecute the action in the way he is advised by counsel. The plaintiff Jones presents upon this motion no evidence of collusion, or that this litigation is being used as a shield to prevent the attacks of other stockholders in this forum. The defendants' rights are also to be considered. There is no presumption that a valid cause of action exists against them, and they stand on a par with the plaintiffs in right of protection from unnecessary harassings in the litigation. They have a right to consider the action of the plaintiffs as a unit in any proceedings taken, and should not be compelled to recognize motions not noticed by the attorneys for the original plaintiff. Such separation of action on the part of the plaintiffs might be bewildering to the defendants, and would certainly be vexatious in its character. They have, therefore, a right to complain if the purposes of the order allowing Jones to be made plaintiff have been departed from by the subsequent action of that plaintiff. It will be readily observed that the questions involved are very different from those where various defendants are added to the number originally named in an equity action. While the direction and scope of the claim of a plaintiff are consistent in purpose, those of the defendants may be widely diversified, and the defenses urged may be, and properly so, entirely inconsistent as between the two defendants. Each defendant may defeat the plaintiffs in his own way, and upon his own defense, no matter what any of the other defendants may urge. It cannot be said, in opposition to the motion, that the plaintiff Jones, and various other stockholders, may be injured by delay, want of foresight, or skill on the part of those conducting the action for the plaintiff Manning.

It will not be assumed that this will be done. But it is very certain that the courts can always intervene to prevent a sacrifice of valuable rights or injury to innocent parties who would be glad to maintain the controversy for a right claimed if they could have control; so that even upon, or after, a trial, the view of the court can readily discover whether an action is being prosecuted to redress a wrong, or is being used as a buffer to prevent others from redress. Nor is it the province of the court to advise as to what shall be done in case the plaintiff Jones or his counsel does not think the proceeding on the part of the plaintiff Manning sufficiently speedy and intelligent. It is useless to sketch in advance what the plaintiff Jones should do, but there are obvious ways of advising for harmonious and efficient concert of action, without infringing upon the real mastership of the litigation, and without losing the right to appeal to the court upon proper proof of probable injury. Let the order of June 17, 1898, be amended by adding the following:

"All plaintiffs shall be represented by the attorneys for the original plaintiff, unless hereafter otherwise ordered by the court, with the right to the trial court to allow, upon the trial, proper place and action for counsel of other plaintiffs; and the motions noticed on behalf of the plaintiff Jones for commissions shall be withdrawn."

Ordered accordingly.