Alexander G. MacALISTER et al.,
Plaintiffs-Appellees,

v.

Alexander L. GUTERMA et al.,
Defendants,
and
The Bon Ami Company, Defendant-
Appellant.

Samuel GREENBERG, Plaintiff-Appellee,

v.

Alexander L. GUTERMA et al.,
Defendants,
and
The Bon Ami Company, Defendant-
Appellant.

Anne J. MATHES, Plaintiff-Appellee,

v.

Nathan CUMMINGS et al., Defendants,
and
The Bon Ami Company, Defendant-
Appellant.

Nos. 122–124, Docket 25265–25267.

United States Court of Appeals
Second Circuit.

Argued Oct. 23, 1958.

Decided Dec. 30, 1958.

Pomerantz, Levy & Haudek, New York City (Julius Levy, Abraham L. Pomerantz and Irving Bizar, New York City, on the brief), for defendants-appellants.

Ralph Montgomery Arkush, New York City (Lewis M. Dabney, Jr. New York City, on the brief), for plaintiffs-appellees.

Weinstein & Levinson, New York City (Frank Weinstein and Herbert Cheyette, New York City, on the brief), for defendant United Dye & Chemical Corp.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

KAUFMAN, District Judge.

This is an appeal brought by The Bon Ami Company, defendant below, from an order of Judge Cashin denying (a) pretrial consolidation of three stockholders' derivative actions under a consolidated complaint; (b) the appointment of general counsel for the consolidated plaintiffs and (c) an injunction restraining other stockholders from commencing further suits in the federal court on the same causes of action.

The three actions now before us were all instituted by minority shareholders seeking recovery on behalf of The Bon Ami Company against its officers, directors and controlling shareholders for breach of their fiduciary duty. Faced with similar actions pending in the state courts of New York and Delaware, the appellants moved for consolidation for all purposes and other relief under Rule 42(a) Fed.R.Civ.P., 28 U.S.C.A., alleging that three similar and unconsolidated actions will precipitate duplicatory motion practice with its attendant waste of judicial time and effort. Two of the three plaintiffs below joined in the appellant's motion and consented to the requested consolidation. The third representing the MacAlister group strenuously opposed the motion. The trial court by the order dated June 9, 1958 consolidated the three actions for trial only, denying all other requested relief.

A. Appealability

Interesting questions concerning the scope and content of Rule 42 are presented by this appeal. However, preliminary to any discussion of the substantive merits of appellant's contentions we must ascertain whether our jurisdiction permits us at this time to entertain an appeal from the order below.

With certain notable exceptions not now material, interlocutory orders have generally not been appealable. 28 U.S.C. §§ 1291, 1292. But this rule of finality has not been mechanically applied in patent disregard of the practicalities of litigation. In many instances such so-called "interlocutory" orders

relate to matters outside the "stream of main action" which are not subject to effective review upon final determination below. Accordingly, the Supreme Court has acknowledged a

> "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L. Ed. 1528.

The finality required by statute has therefore been judicially qualified to mean, not only decisions terminating litigation but also orders which are collateral and which are irreparable in their effect upon the rights of some party. See Underwood, Appeals in the Federal Practice From Collateral Orders, 36 Va. L.Rev. 731, 736 (1950) ; 6 Moore, Federal Practice, Para. 54.14 (2d Ed.1953).

This collateral order doctrine has long been applied by the federal judiciary. It was given prominence in the Cohen case where the Court upheld the appealability of an order denying a motion for security for costs in a stockholders' derivative suit. The doctrine has been subsequently applied in a variety of situations.[1] Whether an order denying pre-trial consolidation and the appointment of general counsel is of the same character as those which have merited review in the past under the Cohen rationale is a question not free from doubt.

In Johnson v. Manhattan Ry. Co., 2 Cir., 1932, 61 F.2d 934, 940, affirmed, 1932, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331, this court held an order of consolidation appealable on grounds that im-

mediate appeal was the only effective means of correcting the error, if there be one, since after the final decree the damage "would have become moot and would not survive." On the other hand the Tenth Circuit in Skirvin v. Mesta, 10 Cir., 1944, 141 F.2d 668, has stated that an order of consolidation or a denial of a motion to vacate such consolidation is not appealable.

■ We do not attempt here to prescribe a rule of universal application to orders granting or denying consolidation. Suffice it to say that under the circumstances here presented we are satisfied that the order below sufficiently meets the tests set out in Cohen v. Beneficial Industrial Loan Corp., supra. A denial of the consolidation sought bears no relation to the substantive claims in the case, is collateral thereto and is not merged in the final judgment. Furthermore, the duplication and confusion which appellant fears will ensue if the order below is permitted to stand, may prove oppressive. Under these circumstances such relief as appellant may now be entitled to will be unavailing if review were to be deferred until final judgment.

In reaching this conclusion we are not unmoved by the fact that serious and unsettled questions are presented for review. A search for relevant precedents reveals that this is the first time that the power of the courts to order consolidation for the pre-trial stages and the appointment of general counsel to supervise and coordinate the prosecution of plaintiffs' case has been presented to a federal appellate court. In view of this state of affairs direction from an appellate court would define powers in an area presently uncertain and indeed insure uniform treatment and consistency in approach within this circuit.

1. It has been invoked to sustain the appealability from an order dissolving an attachment on a foreign vessel prior to the adjudication, Swift & Co. Packers v. Compania Colombiana Del. Caribe, S.A., 1950, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206; from an order directing that notice of a tax lien be cancelled and a supersedeas bond be approved in lieu thereof, Tomlinson v. Poller, 5 Cir., 1955, 220 F.2d 308 and from an order denying a motion to disqualify attorneys, Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, 2 Cir., 1956, 239 F.2d 555.

## B. Consolidation and Appointment of General Counsel

The court below questioned its power to consolidate actions for purposes other than for trial. We think such power exists. The purpose of consolidation is to permit trial convenience and economy in administration. Toward this end Rule 42(a) in addition to providing for joint trials in actions involving common questions of law and fact specifically confers the authority to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Certainly, overlapping duplication in motion practices and pre-trial procedures occasioned by competing counsel representing different plaintiffs in separate stockholder derivative actions constitute the waste and inefficiency sought to be avoided by the lucid direction contained in the rule. Special treatment is often called for in stockholders' derivative actions where the stockholder sues, not in his own right, but in that of the corporation and on behalf of his fellow stockholders. Often many such suits by other stockholders are brought, attacking the same transactions. The cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought. An order consolidating such actions during the pre-trial stages, together with the appointment of a general counsel may in many instances prove the only effective means of channeling the efforts of counsel along constructive lines and its implementation must be considered within the clear contemplation of the rule. It certainly does not clash with the oft repeated policy underlying consolidation under Rule 42, to wit, "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties, in one suit parties in another." Johnson v. Manhattan Ry. Co., 1933, 289 U.S. 479, 496–497, 53 S.Ct. 721, 727, 77 L.Ed. 1331. See also Greenberg v. Giannini, 2 Cir., 1944, 140 F.2d 550, 552, 152 A.L.R. 966; Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 6 Cir., 1899, 95 F. 497, 506, certiorari denied, 1900, 176 U.S. 219, 20 S.Ct. 383, 44 L.Ed. 442; National Nut Co. of Cal. v. Susu Nut Co., D.C.N.D.Ill.1945, 61 F. Supp. 86.

By such a procedure, one general counsel is not substituted for the counsel of each party plaintiff's choice. The function of general counsel is merely to supervise and coordinate the conduct of plaintiffs' cases. The separate actions are not merged under the direction of one court appointed master of litigation —each counsel is still free to present his own case, to examine witnesses and to open and close before the jury, if there be one. But even if the rule were more restricted in its scope we would be most reluctant to deny such inherent power to the district courts. The power to order consolidation prior to trial falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Cardozo, J. in Landis v. North American Co., 1936, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153.

We see no reason nor has any been suggested by counsel why the considerations permitting consolidation for trial are not equally apposite in connection with consolidation in the period before trial. Indeed, an orderly and expeditious disposition at trial is dependent in large part on the manner in which the pre-trial proceedings are conducted. If one of the purposes of consolidation for trial be to expedite the proceedings and avoid needless time and expense to the litigants and to the court, such objectives are as desirable and as attainable in the period utilized in preparing for the trial.

Consolidation for all purposes and the appointment of general counsel is not new. It has long been recognized by the courts in New York as an expeditious

means for handling litigation.[2] Nor is its employment unknown to the federal courts. See Levin v. Skouras, Civ. 38–422 (S.D.N.Y. March 21, 1947).[3]

Appalling calendar conditions have prompted numerous studies into calendar and trial practice. Such diagnosis as has been made has been varied; so has the proposed cure. But progress there has been—mainly through a greater utilization of pre-trial techniques and devices.[4] It would be anomalous indeed if the use of consolidation before trial were excluded from the mounting arsenal of pre-trial devices now made available to the trial judge. By denying the power of the district court to consolidate actions in and for the pre-trial stages we would in effect be marking time while judicial administrative reform in other areas pushed forward. Such judicial retrenchment is not compelled either by the clear wording of Rule 42 or by the traditional exercise of the court's inherent powers over the administration and supervision of its own business.

The benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel. Cf. Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301.

■ But while the district courts are invested with the power to consolidate actions for all purposes and to appoint a general counsel they have no such authority to order a consolidated complaint as requested by appellant. See Levin v. Skouras, supra; National Nut Co. of Cal. v. Susu Nut Co., supra. Such an order would tend to merge the various actions in disregard of the caveat expressed in Johnson v. Manhattan Ry. Co., 1933, 289 U.S. 479, 496–497, 53 S.Ct. 721, 77 L.Ed. 1331.

## C. Exercise of Discretion

■ Finding that the necessary power is reposed in the district court to order pre-trial consolidation and the appointment of one general counsel it remains for us to determine whether the declination to do so constituted an abuse of discretion under the circumstances presented. Relief of this type is concededly extraordinary. It should be granted only under compelling circumstances and

2. See Burnham v. Brush, 1941, 176 Misc. 39, 26 N.Y.S.2d 397; Hornstein, Problems of Procedure in Stockholder's Derivative Suits, 42 Colum.L.Rev. 574, 580–81 (1942). As noted by the court in Manning v. Mercantile Trust Co., 1899, 26 Misc. 440, 57 N.Y.S. 467, 468:

"[T]here can be but one master of a litigation on the side of the plaintiffs. It is also plain that it would be as easy to drive a span of horses pulling in diverging directions, as to conduct a litigation by separate, independent action of various plaintiffs, acting without concert, and with possible discord."

3. In this case the court consolidated six actions for all purposes and appointed a general counsel for all plaintiffs upon the trial and the pre-trial proceedings.

4. See the recommendation made for expediting protracted litigation. Prettyman Report, 13 F.R.D. 41, 62 (1952).

See also the report of the proceedings of the Seminar on Protracted Cases held at New York University Law Center in August 1957, 21 F.R.D. 395 (1957) at which were discussed the problems of many complex and protracted cases, including those of the stockholders' derivative action. The unique problem presented by these protracted cases was further recognized when in 1956, a Committee to Study the Special Problems in the Long and Complicated Cases was appointed by the Chief Justice as a result of a resolution adopted by the National Pre-Trial Committee and approved by the Judicial Conference of the United States. Furthermore, in August 1958 a second seminar was conducted under the auspices of the National Pre-Trial and Complicated Cases Committees at Stanford University Law School to further consider the problems presented by these cases.

should not be resorted to where other more conventional remedies will suffice. The three actions before us were commenced in April and May 1958. The order denying pre-trial consolidation and appointment of general counsel was filed on June 10, 1958. At that stage of the proceedings it was difficult, if not impossible, to determine whether the anticipated injury and prejudice would materialize. The burden was on the appellant to show sufficient justification for the relief requested. Subsequent to the denial of the consolidation order by Judge Cashin many procedural moves by the various counsel in the three actions have been brought to the attention of this court by applications for stays pending appeal. In the light of what we have said concerning the power of the district court so to regulate litigation that the courts are not needlessly burdened it may well be that one or more of the procedural remedies available should be entertained by the trial judges to eliminate the waste of time and effort occasioned by a myriad of pre-trial motions in each action thus necessitating an examination of the entire file by each judge to whom the matter may be submitted. The decision to affirm, therefore, is without prejudice to an application upon a proper showing for such relief as may be efficacious to avoid the consequences of duplication and conflict. These situations had not been sufficiently established at the time of Judge Cashin's decision and hence it was within his discretion to deny the relief requested.

Many avenues of relief were open to the appellant to forestall the possible confusion and duplication which it alleges will inevitably result from the present state of affairs. If appropriate, application might have been made for the appointment of a pre-trial master as was done in Levin v. Skouras. Such masters have proven effective in the past in cases such as Ferguson v. Ford Motor Co., Civ. 44–482 (S.D.N.Y.) and Schwartz v. Broadcast Music, Inc., Civ. 89–103 (S.D. N.Y.) in preventing the very duplication and harassment which appellant fears

here. See Kaufman, Masters in the Federal Courts: Rule 53, 58 Colum.L.Rev. 452, 466–68 (1958). Indeed, because a pre-trial master would be in a position to reduce the length of depositions, make the depositions more orderly, and be available for on-the-spot rulings, if desired, his entry into a case might well prove more beneficial to the parties than pre-trial consolidation and the appointment of a general counsel.

Similarly, an application for the assignment of a single judge pursuant to Rule 2 of the General Rules of the District Courts for the Southern and Eastern Districts of New York might well have been considered. Finally, though several notices of examination have already been filed appellant has not sought the protection of Rules 30(b) or 30(d). Failure to invoke any or all of these devices precludes any finding that the relief then requested was essential to the adequate protection of appellant's rights, and necessary to the orderly conduct of the proceedings.

There is present in this case still another factor militating against the granting of the relief requested by appellant. The MacAlister group charges that appellant and one of the other plaintiffs below have cooperated in an attempt to oust counsel for MacAlister from control of their own litigation and to lodge control in a "friendly" counsel. This allegation indicates that there is more than the usual amount of animosity present in these cases, and that there is small likelihood that counsel will be able to work harmoniously under the guiding hand of one general counsel. See Price v. Creole Petroleum Corp., Sup.1944, 51 N.Y.S.2d 783.

For this reason, the lower court was justified at that time in denying the appointment of a general counsel even for the limited purpose of supervising the conduct of plaintiffs' case at trial. In any event, whether a general counsel is necessary to insure the orderly procedure at trial is a question for future determination.

**D.** The Denial of the Injunction

There remains for our consideration the propriety of Judge Cashin's denial of an injunction restraining all other stockholders from asserting the same claims in court actions not yet commenced. Without deciding the authority of the District Court to grant such relief we find appellant's fears of being deluged with similar derivative stockholders' suits to be based on mere surmise and speculation. If such fears should prove well founded the court below can then consider the propriety of issuing stays pending the determination of the suits now at issue, should the interests of justice so dictate.

The order below is affirmed in all respects.