**Ellio RANDO et al., Plaintiffs,**

v.

**LUCKENBACH STEAMSHIP COMPA-NY, Inc., et al., Defendants.**

Civ. No. 17125.

United States District Court
E. D. New York.

June 15, 1960.

See also D. C., 181 F.Supp. 440.

RAYFIEL, District Judge.

Luckenbach Steamship Company, Inc., hereinafter referred to as Luckenbach, has moved under Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order "appointing not more than three general counsel to supervise, coordinate and direct on the part of all of the plaintiffs in all of the actions consolidated herewith, all pre-trial proceedings herein, including motions and preliminary applications, necessary depositions, and pre-trial conferences." All of said actions were brought against Luckenbach for the recovery of damages for wrongful death, personal injuries or property damage sustained as a result of a fire and an explosion which occurred at Pier 35, at the foot of 35th Street, in Brooklyn, on December 3, 1956.

On June 3, 1957, when 63 of such cases were pending in this Court, then Chief Judge Robert A. Inch, pursuant to the authority vested in him under General Rule 2 of the Rules for the United States District Courts for the Southern and Eastern Districts of New York, assigned to me for all purposes, including the hearing of motions and preliminary applications and the conduct of pre-trial procedures, and presiding at the trial, the said actions then pending in this Court, and all subsequent actions against Luckenbach arising from the aforementioned fire and explosion.

On October 14, 1957 I made an order under Rule 42(a), supra, consolidating 168 actions, the number involving said accident which were then pending in this Court against Luckenbach and certain impleaded parties, as well as any actions against Luckenbach for similar relief thereafter commenced in, or removed or transferred to, this Court, for all purposes, including those aforementioned.

The actions now pending in this Court against Luckenbach and others involving the occurrence of December 3, 1956, number upwards of 300. They were brought on behalf of more than 500

plaintiffs, who are represented by some 200 attorneys.

Attempts have been made by counsel representing Luckenbach and some of the plaintiffs to expedite discovery proceedings herein, but they have proved abortive, except for a modicum of success in passing upon exceptions and obtaining answers to interrogatories, a task which, chiefly because of their volume, required a period of some months.

We now face the problem of taking of the depositions of many persons, including officers and employees of Luckenbach and the impleaded parties, and conducting pre-trial procedure under Rule 16 of the Federal Rules of Civil Procedure as well as other discovery proceedings. If we permit all of the more than 200 attorneys representing the various plaintiffs to participate personally and actively in those proceedings two years or more would be required for their completion, with the resultant extensive delay of the trial of the actions. Furthermore, it would be burdensome, oppressive and unreasonable to require officers and employees of Luckenbach and the impleaded parties, and officials and employees of the impleaded City of New York, to submit to numerous examinations by attorneys for the many plaintiffs in the consolidated actions, with inevitable repetition, duplication, overlapping and waste.

Rule 42(a), supra, provides that the Court may, among other things "make such orders concerning proceedings therein (consolidated actions) as may tend to avoid unnecessary costs or delay" (matter in parenthesis added). The conditions and problems with which we are here confronted offer a classic example of the propriety, if not the urgent necessity, of the appointment of general counsel.

On the argument of the motion counsel for the plaintiffs in more than ninety per cent of the actions consented to the granting of the application for the appointment of general counsel. The majority of those who expressed their opposition thereto withdrew their objection when informed as to what was sought and expected to be accomplished by such appointment. The remainder, and they were very few in number, based their objection chiefly on the grounds

(a) that they would be deprived of the right and the opportunity to participate in the trial of their respective cases,

(b) that their clients were being denied the right to choose their own counsel, and

(c) that they were unwilling to contribute to the cost of the services of general counsel.

None of the grounds of their objection is valid. As was said in the case of MacAlister v. Guterma, 2 Cir., 263 F.2d 65, at page 68, "By such a procedure, one general counsel is not substituted for the counsel of each party plaintiff's choice. The function of general counsel is merely to supervise and coordinate the conduct of plaintiffs' cases. The separate actions are not merged under the direction of one court appointed master of litigation—each counsel is still free to present his own case, to examine witnesses and to open and close before the jury, if there be one." And further, at page 69, "The benefits achieved by consolidation and the appointment of general counsel, i. e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel. Cf. Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301."

As stated by the Court on the argument of the motion, a condition of the appointment of each of general counsel and the acceptance by him of such desig-

nation would be his agreement to serve *in that capacity* without compensation.

I had intended to appoint three attorneys as general counsel, but since the argument of the application I have learned that the volume of work incident to pre-trial and discovery proceedings, necessary motions, and investigations is so extensive as to require the participation of more than three, and I have accordingly decided to appoint four. Further, consideration must be given to the fact that because of the standing at the Bar of those to be named it is likely that one of them, by reason of other commitments, may be unable to participate in one or another of the proceedings herein, in which event a fourth member would be available.

I hereby designate the following to serve as general counsel for all purposes, including the conduct of pre-trial procedure under Rule 16, supra, and discovery proceedings, the preparation of necessary papers in and the argument of motions, and, generally, the conduct of all proceedings in advance of and preparation for trial:

Harry A. Gair (of Gair & Gair), New York City.

Raymond T. Greene (of Kirlin, Campbell & Keating), New York City.

William A. Blank, Brooklyn, N. Y.

Philip F. DiCostanzo (of DiCostanzo & Klonsky), Brooklyn, N. Y.

All are attorneys of substantial experience and competence, and have assured me of their availability, and their willingness to perform their services hereunder without compensation therefor.

Counsel for Luckenbach and the impleaded parties, and general counsel hereinabove named, will confer with the Court at chambers at 10:30 a. m. on Friday, June 24, 1960 with reference to the form and content of the order to be entered herein.