Mario **PERCODANI** et al., Plaintiffs,

v.

**RIKER–MAXSON CORPORATION** et al.,
Defendants.

No. 69–Civ. 1328.

Civ. A. Nos. 1397, 1858, 2095 and 2965.

United States District Court,
S. D. New York.

Dec. 15, 1970.

Kaufman, Taylor, Kimmel & Miller, New York City, Lead Counsel for plaintiffs Mario Percodani, and others, by Stanley L. Kaufman, New York City, of counsel.

Norman Annenberg, New York City, for plaintiffs Ellen M. Farber and Malcolm F. Clare.

Lipper, Keeley, Katcher, Lowey & Dannenberg, New York City, co-counsel for plaintiffs in Wolfe action, by Stephen Lowey, New York City, of counsel, and Sachnoff, Schraeger, Jones & Weaver, Chicago, Ill., by Lowell E. Sachnoff, Chicago, Ill., of counsel.

Rabin & Silverman, New York City, for plaintiffs Henry K. Uman, and others, by I. Stephen Rabin, New York City, of counsel and Kaplan, Kilsheimer & Foley, New York City, by Dermot G. Foley, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Bache & Co., by Roger L. Waldman, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant William L. Maxson, Jr., by John Hupper and Howard Kristol, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant Riker-Maxson Corp., by Robert B. Fiske, Jr., New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Sigmund Wahrsager by Stephen A. Weiner, and John F. Pritchard, of New York City, of counsel.

Leonard I. Schreiber, New York City, for defendant Lewis C. Lerner.

CROAKE, District Judge.

## MEMORANDUM

This court has before it three motions in the above matter. The case arose out of five shareholder actions brought against defendants in the early months of 1969. On August 7, 1969, these five actions were consolidated, and the firm of Kaufman, Taylor, Kimmel & Miller was designated as lead counsel for plaintiffs by Judge Bonsal of this court. On January 9, 1970, it was ordered that the consolidated action be maintained as a class action. Subsequent to this, agreement on a proposed settlement of the litigation was reached between lead counsel for plaintiffs and counsel for the various defendants but, on October 7, 1970, D.C., 50 F.R.D. 473, court approval of the settlement was denied.

The first motion is one for summary judgment brought on behalf of plaintiffs Ellen Farber and Malcolm Clare by their attorney Norman Annenberg ("the Annenberg motion"). The second has been made by the firm of Kaufman, Taylor, Kimmel & Miller as lead counsel, asking that Mr. Annenberg be restrained and prohibited from taking any further action in the proceedings in violation of the August 7, 1969 order by Judge Bonsal appointing lead counsel ("the Kaufman motion"). In the third, the Court has been asked to modify Judge Bonsal's order so as to designate the firm of Sachnoff, Schraeger, Jones & Weaver as co-lead counsel ("the Sachnoff motion").

I

We first consider the Kaufman motion.

Rule 23(d) (1) of the Federal Rules of Civil Procedure states—

"In the conduct of actions to which this rule applies, the court may make appropriate orders determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument."

Pursuant to this provision, Judge Bonsal, on August 7, 1969, ordered the actions consolidated *for all purposes* with, as noted, the firm of Kaufman, Taylor, Kimmel & Miller designated as

lead counsel for *all* plaintiffs in the action as consolidated. It was also ordered that "all pleadings, papers and notices of any kind, nature or description to be served hereafter by or upon the defendants in the consolidated action shall only be issued by or served upon said lead counsel." (Order of Judge Bonsal dated August 7, 1969.)

The action of Mr. Annenberg in moving for summary judgment is in direct violation of this order, and it is essential that he be stayed from further conduct of a like nature lest the door be opened to a floodgate of motions by other attorneys initially involved in the proceedings such as would lead to the disintegration of this class action into chaos to the very real prejudice of the entire plaintiff class. Accordingily.

Norman Annenberg, Esq., shall be and is restrained and prohibited from taking any further action in violation of the order by Judge Bonsal, including the making of motions or service of process where such action would violate the aforementioned order.

At the same time it is understood that lead counsel will keep Mr. Annenberg advised of all developments in the litigation.

## II

The Kaufman motion having been granted, the Court now finds that Mr. Annenberg has no standing to bring a motion for summary judgment on behalf of any of the plaintiffs in this action. Accordingly, it follows that it will not entertain the Annenberg motion for summary judgment.

## III

The Court now turns its attention to the Sachnoff motion that, pursuant to Rule 23(d) (1) of the Federal Rules, it modify Judge Bonsal's order so as to appoint the firm of Sachnoff, Schraeger, Jones & Weaver as co-lead counsel with Kaufman, Taylor, Kimmel & Miller. It was Mr. Sachnoff, as counsel for plaintiffs Wolfe and Manilow, and Mr. Annenberg who first questioned the settlement as running counter to the best interests of the plaintiff class of Maxson shareholders, and it was the Sachnoff firm which brought to the attention of the Court several documents which were considered in its decision to deny approval of the proposed settlement. However, his presence as co-lead counsel is unnecessary.

The overriding interest of the Court in designating lead counsel in an action of this nature is the vigorous protection of the rights of the plaintiff class of shareholders. This requires representation of the highest caliber, but it is our belief that such representation already exists. And to this it must be added that, if co-lead cousel are named here because approval of the proposed settlement was denied, then lead counsel named in other matters may well be deterred from advocating settlements in the future—a development which would run directly contrary to the stated policy of this Court. Also, this Court sees no reason to saddle the plaintiff class with the burden of additional counsel fees and the added confusion which the appointment of co-lead counsel would bring.

Thus, with all due respect to the abilities of Mr. Sachnoff and his firm, his motion for designation as co-lead counsel in this case is denied.

So ordered.