Ellen **FARBER** and Malcolm F. Clare, Plaintiffs-Appellants,

Mario Percodani et al., Plaintiffs-Appellees,

v.

**RIKER–MAXSON CORPORATION** et al., Defendants-Appellees.

No. 854, Docket 71–1102.

United States Court of Appeals, Second Circuit.

Argued May 3, 1971.

Decided May 4, 1971.

See also, D.C., 50 F.R.D. 473.

Norman Annenberg, New York City, for plaintiffs-appellants.

Robert B. Fiske, Jr., New York City (Alfred E. Schretter, Davis, Polk & Wardwell, New York City of counsel), for defendants-appellees Riker-Maxson Corporation, Robert Dressler and S. Marcus Finkle.

Stanley Lloyd Kaufman, New York City (I. Stephen Rabin, Rabin & Silverman; Dermot G. Foley, Kaplan, Kilsheimer & Foley, New York City, of counsel), for plaintiffs-appellees.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

This is an appeal by two plaintiffs in a shareholders' derivative action from an order of Judge Croake entered after an earlier order by Judge Bonsal, dated August 7, 1969, in which Judge Bonsal consolidated several actions which had been brought by individual shareholders upon the same causes of action and made other directives. Judge Bonsal's order also designated the firm of Kaufman, Taylor, Kimmel & Miller as "lead counsel for all the plaintiffs in the consolidated action" and directed that "all pleadings, papers and notices of any kind, nature or description to be served hereafter by or upon defendants * * * shall be issued by or served hereafter by or upon defendants * * * shall be issued by or served upon said lead counsel * * *." Judge Bonsal's order further specified that "the trial of the consolidated action shall be conducted on behalf of the plaintiffs by lead counsel, with leave to

counsel for other plaintiffs to participate to such degree as the Court at the time of trial may determine * * *."

On November 23, 1970, Norman Annenberg, Esq., attorney for appellants here, moved for summary judgment, before Judge Croake, after lead counsel had rejected Annenberg's request to make such a motion on the ground that Annenberg's proposed strategy would interfere with Kaufman's orderly presentation of the case on behalf of all the shareholders.

On December 16, 1970, Judge Croake ruled, pursuant to Judge Bonsal's order appointing Kaufman as lead counsel, that he would not entertain Annenberg's motion for summary judgment, Percodani v. Riker-Maxson Corp., D.C., 51 F.R.D. 263. He further "restrained and prohibited" Annenberg "from taking any further action in violation of the order by Judge Bonsal, including the making of motions or service of process where such action would violate the aforementioned order."

■ Appellants contend that the quoted language, enjoining Annenberg from acting inconsistently with Judge Bonsal's order of consolidation, is too vague and oversteps the bounds of the court's admittedly broad discretion in supervising and administering this complicated action with its obvious potential for confusion and delay. Appellants rely primarily on certain language in MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958), where we described the salutary and indeed essential functions performed by lead counsel such as the Kaufman firm here, in supervising and coordinating the conduct of a consolidated or class action.[1] But we did not intend to intimate in *MacAlister* that each individual plaintiff and lawyer must be permitted to do what he pleases in litigation as complex as this, and can behave in total disregard of the interest of other litigants and of the class, nor that the district judge lacked the power to direct otherwise.

■ We do not interpret Judge Bonsal's order as barring Annenberg from applying to the district court for permission to make a motion in this action. Thus, we find no justification for Annenberg's apparent view that Judge Croake's order, which simply requires compliance with Judge Bonsal's order, bars him from even requesting the Judge for an opportunity to participate in the case. Of course, since the Kaufman firm has been designated as lead counsel, an attempt by Annenberg to by-pass Kaufman or to participate directly in the case without first requesting Kaufman to take the action Annenberg suggests, or if Kaufman refuses to take such action, first securing the permission of the court to proceed directly, would violate both Judge Bonsal's order of consolidation and Judge Croake's order of December 16. As we thus interpret these orders, we do not find it inconsistent with the proper function of a lead counsel, nor does it deny appellants an appropriate opportunity to participate in the litigation.

We note the desirability in a "long and complicated" case such as this, for assignment of a single district judge to preside for all purposes over the future course of this action and we suggest that such action be taken promptly. General Rules of the United States District Court for the Southern and Eastern Districts of New York, Rule 2(b).

---

1. We have jurisdiction over this action as an appeal from a "final decision," 28 U.S.C. § 1291, under the "collateral order" doctrine enunciated in the lead case of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See MacAlister v. Guterma, *supra*.