Sidney HORN, Plaintiff,

v.

Franklin D. RAINES, et al., Defendants.

Richard Mandel, Plaintiff,

v.

Timothy Howard, et al., Defendants.

Pirelli Armstrong Tire Corporation
Retiree Medical Benefits
Trust, Plaintiff,

v.

Franklin D. Raines, et al., Defendants.

Hedda Rudoff, Plaintiff,

v.

Franklin D. Raines, et al., Defendants.

James Kellmer, Plaintiff,

v.

Federal National Mortgage Association,
et al., Defendants.

Wayne County Employees' Retirement
System, Plaintiff,

v.

Franklin D. Raines, et al., Defendants.

The Lillian Winston 1993 Trust, Plaintiff,

v.

Franklin D. Raines, et al., Defendants.

James Kellmer, Plaintiff,

v.

Donald B. Marron, et al., Defendants.

Civ.A. Nos. 04–1783(RJL), 04–1827(RJL),
04–1852(RJL), 04–1960(RJL), 04–
2084(RJL), 04–2228(RJL).

United States District Court,
District of Columbia.

Feb. 14, 2005.

George E. Barrett, Douglas S. Johnston, Jr., Timothy L. Miles, Barrett, Johnston & Parsley, Nashville, TN, for Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust.

Harvey B. Cohen, John Christopher Pasierb, Cohen, Gettings & Caulkins, P.C., Arlington, VA, David H. Shapiro, Swick & Shapiro, P.C., Gary Edward Mason, The Mason Law Firm, Nancy M. Juda, Learach Coughlin Stoia Geller Rudman & Robbins LLP, David Wallace Stanley, The Cuneo Law Group, P.C., Steven A. Skalet, Mehri & Skalet, PLLC, Washington, DC, for Plaintiffs.

James D. Wareham, Carolyn Elizabeth Morris, Paul Hastings Janofsky & Walker, LLP, James Edward Anklam, Jones Day, Erica Lynne Salmon, Piper Rudnick, LLP, Michael J. Walsh, Jr., O'Melveny & Myers LLP, James Hamilton, David I. Ackerman,

Swidler Berlin Shereff Friedman, L.L.P., Robert Charles Blume, Andrew Santo Tulumello, Gibson, Dunn & Crutcher, L.L.P., Julia Evans Guttman, Baker Botts, LLP, Eric R. Delinsky, Carole J. Yanofsky, Steven Mark Salky, Zuckerman Spaeder LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

There are seven stockholder derivative actions that have been filed by individual and institutional plaintiffs in this Court.[1] Currently pending before the Court are various parties' motions to consolidate the actions and for appointment of a leadership structure. For the following reasons, the Court GRANTS the parties' motions to consolidate, appoints Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust ("Pirelli") and Wayne County Employees' Retirement System ("Wayne County") as Co–Lead Plaintiffs, and approves Barrett, Johnston & Parsley ("The Barrett Firm") and Lerach Coughlin Stoia Geller Rudman & Robbins, LLP ("The Lerach Firm") as Co–Lead Counsel.

## I. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) gives the Court broad discretionary authority to consolidate cases. Consolidation can help alleviate "needless duplication of time, effort, and expense on the part of the parties and the Court." *Millman v. Brinkley*, Nos. 1:03–cv–3831, 1:03–cv–3832, 1:03–cv–0058, 2004 WL 2284505, at *3 (N.D.Ga. Oct. 1, 2004). Moreover, consolidation is appropriate where "the cost of defending ... multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought." *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir.1958). Finally, when consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits.

1. In addition, plaintiff James Kellmer filed an action seeking certain categories of books and records related to the pre-suit demand it made on Fannie Mae's Board of Directors pursuant to Federal Rule of Civil Procedure 23.1. Plaintiff Kellmer and the defendants have agreed that consolidation of this action with the shareholder derivative suits is appropriate.

*Dollens v. Zionts,* No. 01–5931, 2001 WL 1543524, at *2 (N.D.Ill. Dec. 4, 2001).

██ Each of the cases arises out of the same operative facts and raises similar legal issues. Therefore, without consolidation there is a significant risk of duplicative efforts and expenses on the part of the parties. Notwithstanding Plaintiff Kellmer's and Plaintiff Mandel's arguments that "demand made" and "demand futile" should not be consolidated into one action, the Court finds that this distinction is insufficient to necessitate separate actions at this point in the litigation. Accordingly, all of the above-referenced actions, and any future-filed or transferred cases based on the same facts as those alleged in these actions, will be consolidated into the first-filed action.

## II. LEADERSHIP STRUCTURE

The plaintiffs advance several competing proposals for the leadership structure in this matter. The Court agrees that a leadership structure is necessary to provide for an orderly litigation, and therefor, adopts the following leadership structure.

### A. LEAD PLAINTIFF

██ Federal Rule of Civil Procedure 23.1 requires a Lead Plaintiff to "fairly and adequately represent the interest of the shareholders ... in enforcing the right of the corporation or association." The Court considers, among other things, the following factors to determine which plaintiff would best represent the interests of the shareholders: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique defenses that would make appointment problematic. *Millman,* 2004 WL 2284505, at *3. And, although the Private Securities Litigation Reform Act does not apply to derivative actions, the Court further notes Congress has demonstrated its preference for appointing institutional plaintiffs as Lead Plaintiffs in securities class actions because "an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company

and its public investors." S.Rep. No. 104–98 at 690. The Court agrees.

There are three institutional plaintiffs among the plaintiffs in these actions—Pirelli, Wayne County, and The Lillian Winston 1993 Trust ("Lillian"). Lillian conceded that Pirelli should be appointed Lead Counsel and therefore will not be considered. Lillian Memo in Support at 5–7. Both Pirelli and Wayne County adequately satisfy the factors outlined above, and the Court finds that both plaintiffs are capable of "fairly and adequately represent[ing] the interests of the shareholders." Fed.R.Civ.P. 23.1. Accordingly, the Court will appoint Pirelli and Wayne County as Co–Lead Plaintiffs in this action.

### B. LEAD COUNSEL

██ The decision regarding appointment of Lead Counsel is within the discretion of the Court. *Dollens,* 2001 WL 1543524, at *2. The principle that guides the Court's decision is which counsel will best serve the interest of the plaintiffs. *Millman,* 2004 WL 2284505, at *3. In making this determination, courts consider, among other things, "experience and prior success record, the number, size, and extent of involvement of represented litigations, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged." 3 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 at 388 (4th ed.2002). In addition, courts have considered the quality of the pleadings, the economic interest of the plaintiffs, and the vigor with which the plaintiffs have prosecuted their lawsuits. *Dollens,* 2001 WL 1543524, at *4.

██ In this case, both Pirelli and Wayne County have proposed that their counsel be appointed Lead Counsel. The Court finds that both The Barrett Firm and The Lerach Firm are experienced counsel that have had success with this type of litigation. The firms have represented vigorously institutional plaintiffs, with significant financial interests in the outcome of the litigation, and have prosecuted the litigation with well-plead and thorough pleadings. The combined experience of these firms will provide the plaintiffs with counsel that will effectively repre-

**4**

sent their interests. Accordingly, the Court appoints The Barrett Firm and Lerach as Co–Lead Counsel.

### *ORDER*

For the reasons set forth above, it is this 12th day of February, 2005 hereby

**ORDERED** that the Joint Motion by Derivative Plaintiffs Sidney Horn, Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and Hedda Rudoff to Consolidate Derivative Actions and Appoint a Leadership Structure for Plaintiffs [04–01783[# 4]; 04–cv–01852 [# 4]; 04–cv–01960 [# 6]] is **GRANTED IN PART AND DENIED IN PART**, and it is further

**ORDERED** that Wayne County Employees' Retirement System's Amended Motion to Consolidate and Appoint Lead Derivative Plaintiff and Memorandum in Response to Motions of Other Derivative Plaintiffs to Consolidate Case, Appoint Lead Derivative Plaintiff and Appoint Lead Derivative Counsel [04–cv–2228 [# 19]] is **GRANTED**, and it is further

**ORDERED** that Richard Mandel's Motion to Consolidate and Memorandum of Law in Opposition and Partial Support of Motion by Certain Plaintiffs Seeking Consolidation and Other Relief [04–cv–01827 # 22] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED.**