**HARTFORD FIRE INSURANCE COM-PANY, a corporation, Appellant,**
v.
**Hoyt W. HERRALD, Leda Herrald, and First Doe, Appellees.**

**No. 25225.**

United States Court of Appeals,
Ninth Circuit.

Dec. 1, 1970.

James A. Richman (argued), Augustus Castro, of Cooley, Crowley, Gaither, Godward, Castro & Huddleson, San Francisco, Cal., for appellant.

Geoffrey P. Knudson (argued), Frederick P. Furth, Haig A. Harris (argued), of Scampini, Mortar & Ertola, San Francisco, Cal., for appellees.

Before JERTBERG, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Appellant, Hartford Fire Insurance Company, appeals from an order of the district court made and entered on August 26, 1969, which, in part relevant to our discussion, denied appellant's motion "to join one Mitchel Kaufman as a party defendant" to the action, and denied appellant's "motion to amend its complaint to assert, among other allegations, that the defendant sued as First Doe in the original complaint was Mitchel Kaufman."

On November 23, 1966, plaintiff [appellant] filed a complaint in declaratory relief naming as defendants, Hoyt W. Herrald, Leda Herrald and First Doe. The complaint was in two counts and sought a declaration of non-liability under policies of insurance issued by appellant to the Herralds, on the ground, among others, that the Herralds conspired with the defendant First Doe to defraud the plaintiff.

Appellees urge that this court lacks jurisdiction to entertain the appeal because the order appealed from is not a "final decision" and hence not appealable under the state of the record on appeal.

Appellant requests in its brief that "if this court concludes that the appeal is premature, this court treat the appeal as a petition under the All Writs Statute, (28 U.S.C. § 1651)," and that the district court be "ordered to grant the motion to amend."

During the course of oral argument, appellant, relying upon Norman v. McKee, 431 F.2d 769 (9th Cir. 1970), asserted for the first time that the order appealed from is a "collateral order," and as such was immediately appealable as a "final decision."

■ In this case we do not reach the merits because we have concluded that the order from which the appeal is taken is not final under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C., and is not appealable under 28 U.S.C. § 1291, and is not a "collateral order" in the sense that it is a "final decision" from which an immediate appeal may be taken. Further, we decline to treat the appeal as a petition under the All Writs Statute.

The order appealed from does not dispose of the action pending in the district court. It only denies leave to appellant to join Mitchel Kaufman as a party defendant, and denies leave to amend its complaint to assert that the defendant sued as First Doe was Mitchel Kaufman. The district court did not make the statement contemplated by 28 U.S.C. § 1292(b). Thus the order is not an appealable interlocutory order. Nor did it make the "express determination and direction" contemplated by Rule 54(b), Federal Rules of Civil Procedure. Thus the order is not a final decision under 28 U.S.C. § 1291. On the contrary, as provided in Rule 54(b), it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." It is not appealable. See Carey v. Greyhound Company, 424 F.2d 485 (9th Cir.1970); Miles v. City of Chandler, 297 F.2d 690 (9th Cir. 1961).

We have examined our decision in Norman v. McKee, *supra.* The pertinent question presented in that case was whether an order of the district court disapproving a proposed settlement of a class action, or a stockholders' derivative suit, was appealable as a "final" order. The court stated that the order disapproving the proposed settlement was a collateral order because the proposed settlement was independent of the merits of the case, would not merge in final judgment, was not a step toward final disposition, was not in any sense an ingredient of the cause of action, and was final on the question of whether the proposed settlement would be given judicial approval. The situation in *Norman* is clearly different than the situation in the instant case. The order in the instant case, as provided in Rule 54(b), is "subject to revision at any time before final judgment adjudicating all claims and the rights and liabilities of the parties." In our view the order in question is not a "final" decision from which an appeal may be taken.

■ Finally, we decline to resort to the extraordinary remedy of mandamus to require the district court to permit the filing of the amendment to its complaint. Possible error in allowing or denying an amendment is not ordinarily reviewable by mandamus or other extraordinary writ. The remedy is by way of appeal when the final judgment has been entered. Piecemeal review, except in instances specifically provided for in 28 U.S.C. § 1292(b) and Rule 54(b), Federal Rules of Civil Procedure, is not favored. See D'Ippolito v. Cities Service Company, 374 F.2d 643 (2d Cir. 1967).

The appeal is dismissed.