Mitchell **FOWLER** et al., Appellants,

v.

Edward ("Ike") **MERRY**, individually, and as Executive Secretary of the Inter-Tribal Indian Ceremonial Association, et al., Appellees.

No. 71–1563.

United States Court of Appeals, Tenth Circuit.

Oct. 10, 1972.

Stephen T. Harvey, Window Rock, Ariz. (Donald Juneau and Spencer Smith, Window Rock, Ariz., and Willard F. Kitts, Albuquerque, N. M., of counsel, with him on the brief), for appellants.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., for appellees.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

PER CURIAM.

This action was initiated by plaintiffs' complaint for injunctive relief filed in the United States District Court for the District of New Mexico on August 14, 1970. The complaint named as defendants numerous state and local officials, the Inter-Tribal Indian Ceremonial Association and two of its officers. An amended complaint was filed on August 25, 1970 naming three additional persons as defendants. One of the defendants joined by this amended complaint was Kenneth P. Walton, a special agent of the Federal Bureau of Investigation. The amended complaint alleged that defendants had perpetrated a series of harassments, arrests and prosecutions of the plaintiffs during the Inter-Tribal Ceremonial held in August, 1970 in the Gallup, New Mexico area. With respect to Walton, the amended complaint alleged that his conduct in taking photographs of the plaintiffs during public demonstrations interfered with plaintiffs' exercise of first amendment rights. One plaintiff, Stella Montoya, asked for damages from Walton in the amount of $10,000 for an alleged invasion of privacy and violation of her freedom of speech. A later amendment to the already amended complaint asked that certain of the defendants, in-

cluding Walton, be held jointly and severally liable in damages to the plaintiffs for violations of their first and fourteenth amendment rights. Walton moved to dismiss or, in the alternative, for summary judgment. Affidavits were submitted by Walton and his supervisor, Forrest S. Putnam, in support of this motion.

Plaintiffs then filed still another amended complaint on March 22, 1971 and simultaneously dismissed a number of the defendants. This amended complaint alleged that Walton's photographic surveillance was accomplished in pursuance of a conspiracy with the remaining defendants to deny the plaintiffs and others similarly situated their first amendment rights. Plaintiffs asked for an injunction ordering Walton to destroy the photographs and prohibiting him from harassing the plaintiffs and others similarly situated in the exercise of their first amendment rights during subsequent Ceremonials in the Gallup, New Mexico area. Walton again moved to dismiss this newly amended complaint since he had been transferred to Washington, D.C. and the injunctive relief sought against him would thus be inappropriate. Plaintiffs then moved to dismiss the defendant Walton and he was accordingly dismissed on April 23, 1971.

On April 27, 1971 plaintiffs moved to amend the complaint again and add J. Edgar Hoover in his then capacity as Director of the F.B.I. as a party defendant pursuant to Rules 15 and 21, Fed.R. Civ.P. The motion alleged that Hoover through his agent Walton was a party to the conspiracy to deny plaintiffs their first amendment rights. The plaintiffs requested an injunction ordering Hoover to destroy the photographs taken by Walton and prohibiting Hoover and his agents from engaging in the same type of photographic surveillance during the 1971 Ceremonial. On June 18, 1971 the district court denied plaintiffs' motion to amend and join Hoover as a defendant, ruling that the motion was "not well taken and cause [was] not shown therefor and that plaintiffs' proposed amendment [did] not state a claim upon which relief could be granted against the proposed defendant J. Edgar Hoover." Plaintiffs filed a notice of appeal from this order on July 12, 1971. On July 15, 1971 all the remaining parties filed a joint motion to dismiss pursuant to a settlement stipulation filed on the same day. The district court entered a judgment of dismissal incorporating the terms of the settlement stipulation on July 16, 1971. The judgment did not mention the order denying the plaintiffs' motion to amend the complaint and add Hoover as a party defendant. The plaintiffs did not appeal from this judgment.

■■ Although an order refusing or permitting the filing of an amended complaint joining an additional party is a discretionary action by the trial court and subject to appellate review as part of an ultimate final judgment, Wyoming Construction Co. v. Western Casualty & Surety Co., 10 Cir., 275 F.2d 97, 104, cert. denied, 362 U.S. 976, 80 S.Ct. 1061, 4 L.Ed.2d 1011, the order itself is not appealable as such in isolation. Nor are we persuaded that this case presents a situation indicating allowable review under the exceptional doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The appeal, when taken, was not from a final judgment and in its present posture has no viable action to which it may attach. The main action has been dismissed and is final.

Appeal dismissed.