521 F.2d 1354
 30 A.L.R.Fed. 378
 George KATZ, Plaintiff-Appellee,
v.
REALTY EQUITIES CORPORATION OF NEW YORK et al., Defendants-Appellees,
and
Klein, Hinds & Finke
and
Alexander Grant & Company, Defendants-Appellants.
Kenneth I. HERMAN, Trustee F/B/O Sheril Esta Kupfer,
Plaintiff-Appellee,
v.
REPUBLIC NATIONAL LIFE INSURANCE COMPANY et al., Defendants-Appellees,
and
Klein, Hinds & Finke
and
Alexander Grant & Company, Defendants-Appellants.
 Nos. 583, 719, Dockets 74-2053, 74-2054.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 15, 1975.
Decided June 30, 1975.
 
 Joseph P. Napoli, Harry H. Lipsig, New York City, Stuart D. Wechsler, Robert S. Schachter, Samuel K. Rosen, Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiffs-appellees.
 James R. Hawkins, II, Richard P. Lasko, Andrew S. O'Connor, Shearman & Sterling, New York City, for Klein, Hinds & Finke and Alexander Grant & Co.
 Sheldon Oliensis, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Realty Equities and Republic National and certain other defendants-appellees.
 Before WATERMAN, FRIENDLY and GURFEIN, Circuit Judges.
 WATERMAN, Circuit Judge:
 
 
 1
 This appeal concerns an order of a district judge requiring the filing and service of a single consolidated complaint for pretrial purposes upon defendants in a number of related securities cases. We affirm the order which, under the circumstances present, was a proper exercise of the trial judge's authority in the management of the preliminary stages of complex multiparty litigation.
 
 
 2
 On March 8, 1974 the Securities and Exchange Commission commenced an enforcement action in the United States District Court for the Southern District of New York against Republic National Life Insurance Company ("Republic"), seven of its officers and directors, its auditor Peat Marwick Mitchell & Co., Realty Equities Corporation of New York ("Realty"), two of its officials, its auditor Westheimer, Fine, Berger & Co., and two other individuals. The SEC complaint alleges that the defendants participated in a scheme to defraud the investing public by concealing the actual facts of Realty's financial condition. Republic, which had large investments in Realty, advanced large sums of money, the SEC complaint alleges, through a series of intricate transactions, to Realty or related companies, so that Realty could repay existing indebtedness to Republic.
 
 
 3
 Patterned on the SEC complaint, twelve private actions were filed in the Southern District of New York[1] based on the Realty-Republic transactions. In addition, four actions were filed in the Northern District of Texas and one action in the Middle District of Tennessee;[2] these five actions were transferred to the Southern District of New York for pretrial purposes by the Judicial Panel on Multidistrict Litigation by order of August 22, 1974, and on August 26, 1974 the district court ordered them consolidated with the pending actions in the Southern District of New York which had been ordered consolidated two months previously.
 
 
 4
 On June 12, 1974 the district court sua sponte held a hearing to determine whether the actions then pending before it should be consolidated. On June 24, 1974 the district court filed an order of consolidation which provided in part:
 
 Ordered:
 
 5
 (1) The above designated actions (sometimes herein "constituent actions") are hereby consolidated for all pretrial purposes to be had during the pendency of these actions in this District in accordance with the following terms which the Court in the exercise of discretion makes applicable to foster the efficient and proper conduct of the claims asserted in the individual complaints in the said actions.
 
 
 6
 (2) A single consolidated complaint, supplemented and amended, shall be prepared and served herein by liaison counsel which shall set forth the claims for relief asserted in the constituent actions, collated into separately stated counts by class and derivative categories as to each kind of securities holders and at the head of each count shall specifically designate by name or other convenient reference the defendants against whom such count is asserted.
 
 
 7
 (11) At the conclusion of the pretrial proceedings, the Court will give consideration to a consolidated trial of the issues herein.
 
 
 8
 The order of the district court provided for the appointment of lead and liaison counsel for all plaintiffs. The order also stated that the answer of each defendant to the consolidated complaint "shall be deemed" to have asserted cross-claims in the nature of contribution and indemnification against all other defendants.
 
 
 9
 At the June 12 hearing, the appellants Klein, Hinds & Finke ("KHF") and Alexander Grant & Company ("Grant"), favored the use of consolidated discovery proceedings, but they objected to proceeding under a single consolidated complaint. After the consolidation order was entered the appellants filed a timely notice of appeal which was limited to the portion of the order providing for the consolidation for all pretrial purposes and for the filing of a single consolidated complaint. The sole objection pressed on appeal is to the use of a consolidated complaint.
 
 
 10
 KHF and Grant had been named as defendants in two of the private complaints, the Herman complaint, a class action brought on behalf of the holders of common stock of Republic, and the Katz complaint, a class action brought on behalf of the holders of common stock in Realty.[3] They had not been named as defendants in the SEC action. In nearly identical language the complaints allege that the appellants violated § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder:
 
 
 11
 Grant and KHF were the independent auditors for Realty during certain relevant portions of the periods above described. Each discovered and knew of certain and many ways of the material problems between Realty and Republic, all as hereinabove described. Grant and KHF informed Realty of the fact that the financial statements of Realty and of FNR (First National Realty & Construction Corp., a Realty affiliate) would not be unqualified and both firms were replaced as auditors for Realty. Yet both firms failed of their obligations to the public and to the SEC and Amex to fully disclose such facts and to alert the responsible authorities thereto. Instead each firm withheld the facts thereof in order to benefit themselves by not involving themselves therein, directly or indirectly, and to prevent damage to themselves and to other defendants, despite the further damage resulting to plaintiff and the class. (P 109 of the Katz complaint; P 111 of the Herman complaint. Caveat: The word "ways" in the second sentence above quoted is omitted in the Katz complaint).
 
 
 12
 Thus the claims against Grant and KHF are limited. There is no allegation that they participated in the complicated real estate and financial transactions between Republic and Realty which are at the core of the SEC complaint and the private complaints based upon the SEC allegations.
 
 
 13
 The amended consolidated complaint was served on all defendants including KHF and Grant on October 15, 1974. Under it twenty-one plaintiffs sue thirty-nine defendants. Five different classes of plaintiffs allege a total of thirty counts against defendants. The classes consist of: persons who purchased securities in Realty; persons who purchased securities in Republic; holders of shares of Pacific National Life Assurance Company; owners of certain debentures of Realty; and holders of common stock in Mercantile Security Life Insurance Company. Two counts involve derivative claims on behalf of Realty and Republic, and one count is brought individually. Grant and KHF are named in three counts of the consolidated complaint. Each of these counts contains the above-quoted § 10(b) and Rule 10b-5 allegations of the Katz and Herman complaints and the several plaintiffs are the purchasers of Realty securities, the purchasers of Republic securities, and stockholders of Realty suing derivatively. The remaining bulk of the consolidated complaint concerns the manipulative transactions between Realty and Republic, transactions which allegedly began in September 1970, after Grant and KHF were unable to present unqualified financial statements and after Grant and KHF had been replaced as auditors for Realty.
 
 
 14
 We are faced with deciding whether the order of consolidation sought to be appealed is an appealable order, and we find that this Circuit's decisions in MacAlister v. Guterma, 263 F.2d 65 (2 Cir. 1958), and Garber v. Randell, 477 F.2d 711 (2 Cir. 1973), compel us to hold that this obviously interlocutory order is appealable under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In Garber the Second Circuit dealt with an appeal from a motion for severance and also from an order consolidating class and derivative stockholder suits. There the Court read MacAlister as holding that the collateral order doctrine was applicable in cases in which an order of consolidation went beyond the permissible objective of judicial economy "to deny a party his due process right to prosecute his own separate and distinct claims or defenses without having them so merged into the claims or defenses of others that irreparable injury will result." Garber v. Randell, supra at 716. We note, however, that a significant factor in favor of finding the MacAlister order appealable is stated to be that "serious and unsettled questions (are) presented for review" and that until then there had been no previous appellate consideration of consolidation for pretrial purposes. MacAlister v. Guterma, supra at 67. See, also, Cohen v. Beneficial Industrial Loan Corp., supra at 547, 69 S.Ct. 1221. As experience with various economical devices for the judicial handling of complex and multifaceted actions accumulates it may well develop that the presently-felt necessity for immediate appellate review of an order such as the one here may fade away and the salutary policies behind the finality rule be reasserted.
 
 
 15
 Here, under the broad heading that the district court lacked the authority to order a consolidated complaint, the appellants advance various objections to the use of a consolidated complaint: that the order accomplishes an impermissible merger of claims; that the decision in Garber v. Randell, supra, excluding the law firm there, is indistinguishable and controlling; that the order inflicts substantial prejudice on the appellants. We are convinced, however, that the trial judge properly exercised his authority when he fashioned this pretrial order, an order appropriate for this complex litigation, and we affirm the order. We are confident that if the claimed prejudice to the appellants, which is now a premature and speculative apprehension, should occur, the trial judge will act vigorously to remedy the situation.
 
 
 16
 It is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot effect a physical merger of the actions or the defenses of the separate parties. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); Garber v. Randell, supra; Greenberg v. Giannini, 140 F.2d 550, 552 (2 Cir. 1944); 5 Moore's Federal Practice P 42.02 (2d Ed. 1974). There is here, however, no indication that the court below intended a physical merger of claims or that one was accomplished despite the court's intent. Rather, it is evident that the district court limited the use of the consolidated complaint to the controversies' pretrial stages in order to prevent unnecessary duplication and in order to reduce the potential for confusion. At the preliminary hearing on consolidation the trial judge stated:
 
 
 17
 It seems to me that the use of a single consolidated complaint need not necessarily foreclose the use of individual complaints at a trial, and in the same way as consolidated discovery would be useful and efficient, a single consolidated complaint during the discovery and pretrial period would be useful and efficient and could be without prejudice to unfurling the separate flags at trial, if necessary, to protect any legitimate interests that may have to be dealt with separately.
 
 
 18
 I think I am going to try it. I will order a single consolidated complaint for pretrial purposes without prejudice, as I say, to whether or not there will be a consolidated trial and without prejudice to the use of the individual complaints as they stand now at a consolidated trial, and certainly without prejudice to their use in individual trials if that should eventuate.[4]
 
 
 19
 Also, it is stated in the consolidation order that any decision on a trial consolidation would await the conclusion of the pretrial proceedings. The instructions contained in paragraph 2 of the district court order for the collation of the separately stated counts and for the specific designations of the defendants is a further indication that the trial court, while retaining the particular attributes of each of the several complaints, was attempting to incorporate all the complaints into a single document for convenient pretrial handling.
 
 
 20
 The use of the consolidated complaint here has significant attractions in keeping the preliminary stages of these cases within reasonable bounds. There are seventeen actions pending against thirty-nine defendants; many of the defendants are sued in most of the actions, some in but a few. A separate answer from each defendant to each complaint in which that defendant is named would involve literally hundreds of answers. As noted previously, all the complaints in the private actions track the SEC complaint, and the answers to each complaint would be substantially the same. The benefits of collecting, for example, sixteen identical answers in each of sixteen cases from one defendant is not readily discernible. It is true that those defendants named in only a small number of complaints, for example Grant and KHF, would not be overly burdened, but, nevertheless, the overall economies in reducing the proliferation of duplicative papers warrant the trial judge's efforts in the present circumstances. Moreover, it is apparent that a consolidated complaint also aids the consolidated discovery process which all parties, including the appellants, favor. Directing discovery to one complaint, rather than to seventeen complaints, avoids the possible confusion and the possible problems stemming from the situation where each plaintiff pursues his individual complaint. While it is true that carefully supervised and coordinated discovery proceedings would reduce the potential for chaos, the use of a consolidated complaint promotes the desired objective.
 
 
 21
 It therefore appears clear that in the circumstances here present which involve complex and multifaceted actions with a number of similar complaints the adoption of a consolidated complaint is a device well-suited to achieving economies of effort on the part of the parties and of the court. Limited presently to the pretrial stages, the consolidated complaint does not supersede the individual complaints and does not impermissibly merge the rights or defenses of the various parties.
 
 
 22
 Appellants contend that we are not considering this issue afresh and that the Second Circuit's decision in Garber v. Randell, supra, compels the result they urge. We disagree. In Garber three class actions were instituted against fifty-eight defendants in which the plaintiffs alleged violations of the federal securities laws. The principal thrust of the complaints alleged the artificial inflation of the shares of National Student Marketing Corp. during a four year period through the publication of false and misleading information. One of the complaints, the last filed, also asserted claims that a law firm, White and Case, as counsel for National Student Marketing Corp., had participated in a merger transaction in which it had failed to disclose to stockholders that an accountant's comfort letter did not conform to the terms of the merger; had issued opinions on the validity of the merger agreement; and had transmitted, on behalf of National Student Marketing Corp., a false Form 8K to the SEC. The complaint also alleged that the law firm had on two other occasions rendered opinions on transactions in which the National Student Marketing Corp. had backdated activities.
 
 
 23
 The district court, in Garber v. Randell, After a hearing, issued an order of consolidation, which provided in part:
 
 
 24
 Ordered that the above-captioned actions be consolidated for pretrial purposes; and it is further
 
 
 25
 Ordered that the consolidated plaintiffs shall file within sixty (60) days hereof a consolidated amended complaint, served on the parties herein pursuant to the Federal Rules of Civil Procedure, without prejudice to an application by any party thereafter to move for severance or stays or other relief;
 
 
 26
 The law firm appealed from this order, as well as from another order denying its motion for severance. The Second Circuit held, at 717, that joinder of the limited claims against White and Case with the other unrelated claims in a consolidated complaint "would be fundamentally unfair and would violate the principles underlying our decision in MacAlister v. Guterma, supra, and the unbroken line of authority going back to Johnson V. Manhattan Railway Co., supra."
 
 
 27
 The court, however, noted in a footnote that in other circumstances the use of a consolidated complaint might be appropriate, thus recognizing the authority of the district court to so order.[5] Rather than binding us to dispose of the present case as appellants wish us to dispose of it, Garber indicates that each case in which it may appear desirable to consolidate complaints in different actions must be evaluated on its own facts with close attention to whether the anticipated benefits of a consolidated complaint outweigh potential prejudice to the parties. The court in so evaluating in Garber advanced a number of reasons why inclusion of the claims asserted against White and Case in the consolidated complaint was improper. The principal reason was the limited and unrelated nature of the alleged misconduct by White and Case which occurred largely on one day and totally within a two-and-a-half month period. In addition, other significant factors were present. Only one of fifteen named plaintiffs brought suit against White and Case, and several of the other plaintiffs had expressly disassociated themselves from these assertions. One Natale, the sole plaintiff alleging the White and Case wrongdoing, had not purchased National Student Marketing Corp. shares on the open market, and it appeared questionable whether he was a proper class representative. White and Case argued that this fact was highly prejudicial because it made it much more difficult, if not impossible, for it to isolate and attack the infirmities of the action by Natale, for not only had he not purchased shares but he also was the only plaintiff seeking to assert claims against White and Case. Also, the only persons who had acquired shares after the date of the alleged concealment by the law firm would be in a position to claim damages, and therefore it would be necessary at some point to separate the claims against White and Case from the claims against the others.
 
 
 28
 These latter factors, present in Garber, are absent here. Thus far there has been no claim that Herman and Katz are improper class representatives. Appellate counsel at oral argument informed the court that the motion for class designation is still pending in the district court. The other plaintiffs have not disassociated themselves from the claims advanced against the appellants; indeed they argue that their acquiescence in proceeding in accord with the order prescribing the consolidated complaint constitutes a de facto amendment of their constituent complaints.[6] The actions of Grant and KHF occurred prior to the transactions which form the bulk of the actions rather than in the midst of the manipulative activity as in Garber, and it is plaintiffs' contention that had the auditors been forthright the subsequent alleged wrongs might not have occurred.
 
 
 29
 These distinctions, however, are not in themselves compelling. Grant and KHF argue forcefully that in the main their fact-situation is analogous to that of White and Case: actors on the periphery of the main activities who must defend against claims having but a remote relation to the principal issues. They also stress that in both cases the order of consolidation limited the consolidation to the pretrial stages of the litigation.
 
 
 30
 Nevertheless, we choose not to adopt and apply the specific conclusion of Garber to the present case. Garber's broad holding was that the validity of a consolidated order must be examined with reference to the special underlying facts prompting the order, and with close attention alike to the potential economies of the consolidation on the one hand, and the threatened prejudice to a party or parties, on the other hand. We are not convinced here that the appellants have been presently prejudiced by the consolidated complaint or that the district court will not be alert to the possibility of prejudice to them in the future. Without a firm conviction that prejudice will result, we are most reluctant to interfere, and perhaps disrupt, the efforts of the district court which, without sacrificing the rights of the various parties, seeks to expedite this complex litigation.
 
 
 31
 The appellants claim that they have been prejudiced in two ways: the expansion of the classes in the consolidated complaint; and the deeming of cross-claims amongst the defendants during the discovery process. As noted Supra, the Katz and Herman complaints were brought on behalf of purchasers of common stock of Realty and Republic respectively, while the consolidated complaint alleges claims on behalf of "purchasers of securities" in the companies. This expansion of the classes, for which there is no authority in the district court order, would of course increase the potential liability of Grant and KHF in the event that the consolidated complaint was used at trial. This is not the physical merger of claims, which the caselaw forbids, but rather an expansion of classes, which is also troubling. However, the classes have not yet been defined by the district court, and the appropriate place for appellants to object to the proposed definition of the proposed classes is before the district court.
 
 
 32
 The appellants did not appeal from that portion of the district court order which deemed the answer of each defendant to assert cross-claims for indemnification and contribution against all other defendants.[7] The only issue before us, therefore, is the prejudicial effect to appellants of this order in connection with the apparently distinct issue of the consolidation of complaints, the issue appealed. It appears from the record that the preservation of cross-claims was designed only to serve as an economical device to facilitate the discovery process and to avoid the proliferation of pleadings. Upon the completion of the discovery and upon a fuller comprehension of the facts, the parties and court can better evaluate the cross-claims worthy of perusal. Appellants do not detail in what manner prejudice will result from this effort to simplify matters, nor do they explain how this is in any way related to the issue they raised before the court, the propriety of the use of a consolidated complaint.
 
 
 33
 We accordingly find there is no clear showing that the appellants have been prejudiced as a result of the district court's order requiring the filing of a consolidated complaint for pretrial purposes. The appellants' fear, perhaps substantial, that because of their peripheral involvement in the principal transactions involved in the litigation they will suffer prejudice, does not result from the consolidation of the complaints. The Katz and Herman complaints, like the other constituent complaints, parallel the SEC complaint, and are broad in scope; in these complaints the appellants are also peripheral defendants. At the preliminary hearing the district court expressly invited Grant and KHF to move for dismissal of the complaint. In addition, the use of the consolidated complaint for pretrial purposes does not impair appellants' subsequent recourse to the timely motion for severance. At present appellants' fears of prejudice are wholly speculative: if the classes are defined along the present lines, if a motion to dismiss is denied, if a motion for severance is denied, and if the consolidated complaint is used at trial, then appellants' right to their separate defenses may be jeopardized. This possibility is too remote to justify appellate intervention into the pretrial stages of this litigation; and, although we have accepted jurisdiction, we point out that the appeal is taken from an interlocutory order and that an appeal so taken comes close to violating the long-standing and accepted rule statutorily incorporated in 28 U.S.C. § 1291, a rule which has well served the federal courts for years.
 
 
 34
 Order affirmed.
 
 FRIENDLY, Circuit Judge (concurring):
 
 35
 If asked to provide an example of an order that was not a "final decision" appealable under 28 U.S.C. § 1291, one could hardly do better than to pick the order review of which is here sought. The order does not compel or deny anything; it merely provides that consolidated pretrial discovery, which all agree to be proper, shall be conducted under a single consolidated complaint rather than separate complaints. Of course, it is not within light years of being a final disposition of the litigation. Neither is it within the "collateral order" doctrine of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The opinion establishing that principle excluded even "fully consummated decisions, where they are but steps towards final judgment in which they will merge", 337 U.S. at 546, 69 S.Ct. at 1225; the Cohen principle includes only orders which cannot be effectively reviewed on appeal from a judgment final in the ordinary sense of that term, so that the rights asserted to be harmed by the order will be irreparably lost, and not even all of those orders, 337 U.S. at 547, 69 S.Ct. 1221. If appellants should ever be able to show prejudice from Judge Pollack's order, they clearly can have relief on an appeal from any final judgment against them, if such judgment there should be. Dupont V. Southern Pacific Co., 366 F.2d 193, 196 (5 Cir. 1966), Cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967); Atkinson v. Roth, 297 F.2d 570, 575 (3 Cir. 1961); 9 Wright & Miller, Federal Practice and Procedure § 2386, at 276 (1971). The order here involves "only an exercise of discretion . . ., a matter . . . subject to reconsideration from time to time . . . ." Cohen V. Beneficial Loan Corp., supra, 373 U.S. at 547, 69 S.Ct. at 1226.
 
 
 36
 It is therefore not surprising that other circuits have uniformly ruled that orders granting or denying consolidation even for trial as distinguished from mere pre-trial discovery were non-appealable except by the procedure for appeals from interlocutory orders authorized by 28 U.S.C. § 1292(b), Skivin v. Mesta, 141 F.2d 668, 671 (10 Cir. 1944); Nolfi V. Chrysler Corp., 324 F.2d 373 (3 Cir. 1963) (per curiam); United States V. Chelsea Towers, Inc., 404 F.2d 329, 330 (3 Cir. 1968) (per curiam); National Ass'n for Advancement of Colored People of Louisiana v. Michot, 480 F.2d 547, 548 (5 Cir. 1973) (per curiam). Cf. Travelers Indemnity Co. V. Millers Mfg. Co., 276 F.2d 955 (6 Cir. 1960) (per curiam). The commentators endorse this position. 9 Moore, Federal Practice P 110.13(8), at 183 (2d ed. 1973) (footnote omitted) ("An order granting or denying consolidation, or granting or denying separate trials, is an ordinary, non-appealable interlocutory order."); 9 Wright & Miller, Federal Practice and Procedure § 2386, at 275 (1971).
 
 
 37
 This circuit seems to stand alone in having taken a different view. We upheld the appealability of an order denying pre-trial consolidation in MacAlister v. Guterma, 263 F.2d 65 (2 Cir. 1958), and followed that precedent in the case of an order granting such consolidation in Garber v. Randell, 477 F.2d 711 (2 Cir. 1973). However, under this court's doctrine not all such orders are appealable; they are "final" and appealable only under "exceptional circumstances" or when they raise "basic issues", Levine v. American Export Industries, 473 F.2d 1008, 1009 (2 Cir. 1973) (per curiam), whatever that may mean. While this attempt to limit our original error may be commendable, it invites further jurisdictional argument that ought to be avoided.
 
 
 38
 The majority holds out some hope that the time may come when we will bring ourselves in line with our sister circuits with respect to the appealability of consolidation orders. I can think of no better time than now, when appellate dockets have swollen to the breaking point. Holding such orders more accurately, some such orders to be appealable violates the principles underlying the final judgment rule. It brings an appellate court into complex litigation, which may well be ended by settlement, before the issues are formulated and when the parties are only beginning to develop the evidence. Unlike the issue in Cohen, where an appellate decision "will settle a point once and for all", Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., 455 F.2d 770, 773 (2 Cir. 1972), see also Donlon Industries, Inc. v. Forte, 402 F.2d 935, 937 (2 Cir. 1968), the propriety of orders granting or denying consolidation depends on the particular facts of each case and entertaining appeals from them "will open the way for a flood of appeals concerning the propriety of a district court's ruling on the facts of a particular suit." Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., supra, 455 F.2d at 773. The district judge is properly accorded wide discretion and "since review would be limited to 'abuse' of discretion, the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hardpressed appellate courts," Donlon Industries, Inc. v. Forte, supra, 402 F.2d at 937 a point well illustrated by the year's delay created by the instant appeal. As recognized in Levine v. American Export Industries and in Garber V. Randell, this court has consistently rejected attempts to broaden Cohen, in instances far more appealing than this, lest the exception "swallow the salutary 'final judgment' rule", Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., Supra, 455 F.2d at 773. MacAlister, decided when Cohen was still in its youth, stands alone, both amoung our own cases (except for Garber which was decided under its authority) and amoung those of other circuits. This court surely would not decide the point as it did seventeen years ago if the issue were now presented for the first time, since it is now apparent, as Professor Moore has warned us, that "(t)o extend the Cohen rule to this area is to invite frustration and delay." 9 Moore, Federal Practice P 110.13(8), at 184 (2d ed. 1973).
 
 
 39
 Since I detect no enthusiasm for En banc reconsideration of MacAlister at this time, I must address the merits. Judge Waterman has labored mightily to distinguish Garber v. Randell, and Judge Gurfein thinks he has succeeded. I am not so sure; at best the distinction is paper thin. But since the result is to endorse the ruling of the district judge, whose experience in the handling of litigation of this sort at the trial level and whose knowledge of the problems of this case so far outrun my own, I am not disposed to cavil. Informing the bar that we will not upset an order of pretrial consolidation unless the case is a Chinese copy of Garber v. Randell is a good way of discouraging appeals from such orders until we take the proper step of holding the orders to be unappealable.
 
 
 
 [1]
 Katz v. Realty Equities Corp. of New York, 74 Civ. 1137; Herman V. Republic National Life Insurance Co., 74 Civ. 1248; Miller v. Republic National Life Insurance Co., 74 Civ. 1115; Cohen V. Realty Equities Corp. of New York, 74 Civ. 1192; Sussman v. Republic National Life Insurance Co., 74 Civ. 1225; Rubenstein v. Republic National Life Ins. Co., 74 Civ. 1255; Ferber v. Beasley, 74 Civ. 1294; Tisser v. Karp, 74 Civ. 1622; Freeman v. Republic National Life Insurance Co., 74 Civ. 1668; Chesner v. Karp, 74 Civ. 1846; Gottlieb V. Realty Equities Corp. of New York, 74 Civ. 1875; Asarian V. Karp, 74 Civ. 1942
 
 
 [2]
 Massie v. Republic National Life Insurance Co., 74 Civ. 3782; Garrett v. Republic National Life Insurance Co., 74 Civ. 3783; Miller V. Republic National Life Insurance Co., 74 Civ. 3784; Flamm V. Beasley, 74 Civ. 3785; Synercon Corp. v. Republic National Life Insurance Co., 74 Civ. 3781
 
 
 [3]
 Grant and KHF were named as defendants, but not served, in two other suits: Chesner v. Karp, Supra; and Asarian v. Karp, supra
 
 
 [4]
 At a subsequent hearing on September 12, 1974, the district judge stated:
 This is a draft, and it isn't even a penultimate draft. It is to coordinate all the claims, and there can be one filed tomorrow and one after that, the day after tomorrow.
 The whole purpose of this complaint is to get organized for the discovery and pre-trial phase. The order that I entered specifically recites that the pleadings in each constituent action stand, and when you go back to trial, the constituent actions will determine what will be tried and how, unless when we get to the trial it is agreed that a consolidation of the constituent complaints can be made.
 But for present purposes you have got to start somewhere, and the amended consolidated complaint is intended to wrap up all the claims so that we can get on with the business of discovery.
 
 
 [5]
 Garber v. Randell, supra at 717, n. 4; But see MacAlister v. Guterma, supra at 69 in which the Court stated that the district courts lack this authority
 
 
 [6]
 Plaintiffs Sy Sussman and Ruth Sussman have directed liaison counsel to assert claims on their behalf only against those defendants named in their complaint
 
 
 [7]
 The relevant portion of the district court order reads as follows:
 (9) The answer of each defendant to the consolidated complaint (or latest amended complaint) in each of the above-captioned actions shall be deemed to assert cross-claims against all the other defendants therein for such sharing of liability in the nature of contribution and indemnification as exists under the Securities Act of 1933 (15 U.S.C. § 77a Et seq.) and the Securities Exchange Act of 1934 (15 U.S.C. § 78a Et seq.) as well as by state statutory and common law, except insofar as any defendant shall in his answer decline to assert such claims against any other defendant; such claims to be deemed asserted in the following form:
 FIRST CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS
 If plaintiffs recover judgment against the cross-claiming defendant, the cross-claiming defendant is, or may be, entitled to contribution under the Securities Act of 1933 (15 U.S.C. § 77(a) (77a) Et seq.) and the Securities Exchange Act of 1934 (15 U.S.C. § 78(a) (78a) Et seq.) from some or all of the defendants other than the cross-claiming defendant.
 SECOND CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS
 If plaintiffs herein recover judgment against the cross-claiming defendant by reason of any of the acts, transactions or omissions alleged in the amended complaint, such judgment will have been brought about and caused wholly or primarily by the acts, transactions, commissions or omissions of some or all of the defendants and not by, or only secondarily by, any acts, transactions or omissions of the cross-claiming defendant.
 By reason of the foregoing, the cross-claiming defendant is, or may be, entitled to indemnification or contribution for all or part of any such judgment recovered by plaintiffs herein.
 and each defendant against whom such cross-claims have been asserted shall be deemed to have interposed answers to said cross-claims controverting the allegations contained therein and denying any liability in the nature of contribution or indemnification.
 All cross-claims asserting claims other than for shared liability as hereinbefore described remain unaffected by the foregoing provisions of this order.