636 F.2d 251
 1980-81 Trade Cases 63,751
 STATE OF MINNESOTA; City of Virginia; Village of Hibbing;
Village of Mt. Iron; Village of Buhl; St. Louis
County Board of Education, and
Independent School District
700, Appellees,
v.
PICKANDS MATHER & CO., Appellant.
 No. 80-1666.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 13, 1980.
Decided Dec. 31, 1980.
 
 Walter A. Bates, Cleveland, Ohio, for appellant.
 Terence P. Boyle, O'Connor & Hannan, Washington, D.C., for appellees.
 Before LAY, Chief Judge, BENNETT,* Court of Claims Judge, and HENLEY, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Pickands Mather & Co. sought leave in the district court to file a third-party complaint against former co-defendants based on a claim for contribution under Professional Beauty Supply, Inc. v. National Beauty Supply, Inc., 594 F.2d 1179 (8th Cir. 1979) (under certain circumstances an antitrust defendant may be permitted to obtain contribution from its co-conspirators). The United States Magistrate denied Pickands Mather's motion on the grounds that the litigation would be complicated and delayed by the reintroduction of defendants who had previously settled their differences with the plaintiffs. The magistrate reasoned that in doing so the benefits of the settlement could be negated. The district court agreed and the third-party complaint was dismissed without prejudice. Pickands Mather appealed to this court, and the State of Minnesota filed a motion to dismiss the appeal for lack of a final order.[1]
 
 
 2
 The district court's order denying Pickands Mather leave to file its third-party complaint is not an appealable order[2] unless it comes within the collateral order exception to 28 U.S.C. § 1291 set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The issue before us is whether the district court's order falls "in that small class (of orders) which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id. at 546, 69 S.Ct. at 1225.
 
 
 3
 In In Re Cessna Distributorship Antitrust Litigation, 532 F.2d 64 (8th Cir. 1976), this court held that the district court's denial of leave to defendants to file cross-claims was an appealable order under the collateral order exception to the final judgment rule. Id. at 66. We recognized, however, that the issue of appealability was not entirely free from doubt, id. at 65, and, to avoid opening the floodgate for appeals of pretrial orders, we expressly limited Cessna to its particular facts. Id. at 66.
 
 
 4
 We deem it significant that subsequent to our Cessna decision the Supreme Court in Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), has further emphasized the limited application of the Cohen doctrine. This more recent decision confirms our earlier doubts as to the appealability of discretionary orders affecting the joinder of parties and claims to pending litigation.
 
 
 5
 In Coopers & Lybrand, the Court held nonappealable a district court's order denying class certification because (1) the district court could subsequently revise the order, (2) the class determination involved considerations enmeshed in the merits of the plaintiff's cause of action, and (3) effective review after final judgment was available. 437 U.S. at 469, 98 S.Ct. at 2458.[3] We recognize that overemphasis of the "subject to revision" language in Coopers & Lybrand could unduly narrow the range of appealable orders under Cohen because almost all orders are subject to being reconsidered or rescinded by the district court. Nevertheless, in Coopers & Lybrand and in this case, the significant chance that subsequent developments in the course of the litigation could quickly eliminate any benefits of a disposition in favor of the appellant weighs against appealability. Moreover, if we were to order joinder of the third-party claim and the district court subsequently severed the claims,[4] such severance might not be reviewable. See Helene Curtis Industries v. Church & Dwight Co., 560 F.2d 1325, 1334-37 (7th Cir. 1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978) (severance pursuant to rule 42(b) was not reviewable); United States v. Garber, 413 F.2d 284 (2d Cir. 1969) (denial of a motion to dismiss an indictment was not reviewable).
 
 
 6
 The Court in Coopers & Lybrand indicated that review of the district court's order denying class certification involved considerations enmeshed in the merits of the main action. 337 U.S. at 469, 98 S.Ct. at 2458. While we recognize that review of the district court's exercise of discretion in denying the third-party claims would not reach or affect the merits of the main action, we also are cognizant that a favorable disposition on the merits of the main action for Pickands Mather would moot its claim for contribution from the proposed third-party defendants it attempts to implead. Pickands Mather's successful assertion of a defense to the main action would render the participation of the third-parties fruitless and unnecessary. This in itself is strong reason for denying jurisdiction over this appeal. Allegheny Airlines, Inc. v. LeMay, 448 F.2d 1341, 1343 (7th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971).[5]
 
 
 7
 The third factor recognized in Coopers & Lybrand weighing against appealability was that the district court's order denying class certification was subject to effective review after the final judgment. 437 U.S. at 469, 98 S.Ct. at 2458. The Cohen exception allows jurisdiction only over orders which cannot be effectively reviewed on appeal from a final judgment, meaning that rights asserted to be harmed by the order will probably be irreparably lost. 337 U.S. at 546, 69 S.Ct. at 1225. Pickands Mather argues that the only meaningful time for review of the district court's order denying leave to file the third-party complaint is now. It alleges that it will incur significant additional litigation costs if its third-party claims are not allowed and that only by allowing impleader at this time can future multi-district litigation be avoided. We are not convinced that costly discovery and pretrial on the contribution claims while there exists a considerable dispute over Pickands Mather's primary liability in the main action is an unequivocal savings. Even assuming the district court's order would create additional future litigation expenses or otherwise inconvenience Pickands Mather, we are not persuaded of the need for an appeal of this order. The district court's order does not prejudice Pickands Mather's right to claim contribution from its former co-defendants, but affects only Pickands Mather's interest in asserting this right in the hypothetically least expensive manner possible. Because it is the nature of interlocutory orders that they create expenses, hypothetical or real, for one party or another and because the district court is in a much better position than us to evaluate the effects of joinder of parties to a lawsuit, we do not find that the interest of Pickands Mather affected by the order is so substantial as to compel review.
 
 
 8
 The ordinary nonappealability of orders granting or denying joinder of parties, consolidation or severance suggests the nonappealability of the matter before us. See NAACP v. Michot, 480 F.2d 547 (5th Cir. 1973) (denial of consolidation was not an appealable order; alternative holding); Levine v. American Export Industries, Inc., 473 F.2d 1008 (2d Cir. 1973) (order granting consolidation was not appealable); Fowler v. Merry, 468 F.2d 242 (10th Cir. 1972) (order denying leave to file an amended complaint joining an additional party was nonappealable); Allegheny Airlines, Inc. v. LeMay, 448 F.2d 1341 (7th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971) (while implying that an order dismissing a third party complaint without prejudice was not an appealable collateral order, the court seems to have reached the merits of the appeal; id. at 1346); Hartford Fire Insurance Co. v. Herrald, 434 F.2d 638 (9th Cir. 1970) (order denying plaintiff's motion to join a party defendant was not an appealable collateral order); Nolfi v. Chrysler Corp., 324 F.2d 373 (3d Cir. 1963) (denial of consolidation was nonappealable). But see Katz v. Realty Equities Corp. of New York, 521 F.2d 1354 (2d Cir. 1975) and Garber v. Randell, 477 F.2d 711 (2d Cir. 1973).
 
 
 9
 We note the probable value of appellate review for Pickands Mather is slight because it is unlikely that we would find an abuse of discretion by the district court in its attempts to keep a lawsuit manageable and progressing towards trial. See, e. g., Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (review of district court's exercise of discretion in certifying an order for review under rule 54(b)); In Re Cessna Distributorship Antitrust Litigation, 532 F.2d 64, 68 (8th Cir. 1976); Katz v. Realty Equities Corp. of New York, 521 F.2d 1354, 1362 (2d Cir. 1975); Allegheny Airlines, Inc. v. LeMay, 448 F.2d 1341 (7th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971). Additionally, the risk of error by the district court is small because arguments were presented on the motion and the reasons for denial fully set out.
 
 
 10
 The burden of time and money on the parties, the district court and this court which would be imposed by automatic review of such interlocutory orders weighs heavily against appealability. We find the concerns expressed in Borden Co. v. Sylk, 410 F.2d 843 (3d Cir. 1969), particularly appropriate:Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters. It would constitute the courts of appeals as second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation.
 
 
 11
 To accept the appellant's view is also to invite a geometrical increase in the already unacceptable delay between the date of filing and trial in the metropolitan district courts. The present case, filed over three years ago and now held in abeyance pending the outcome of this appeal, is a splendid example of the Homeric proportions that such litigation can assume. Our overburdened courts have little time or appetite for such protractions.
 
 
 12
 Id. at 846.
 
 
 13
 We hold that this court has no jurisdiction to entertain an appeal from an order of the district court denying a party leave to file a third-party complaint. The underlying basis for this decision is that the Cohen exception to the final judgment rule of 28 U.S.C. § 1291 was not intended as a vehicle for the review of a trial court's discretionary attempts to keep a case manageable and progressing to trial. Professor Moore argues that "(a) significant aspect of the Cohen rule and one that should limit its application is that it arose from a remarkable case, one that raised very substantial questions ...." 9 Moore's Federal Practice P 110.10, at 130 (2d ed. 1980). An alleged abuse of discretion by the district court in denying leave to join third-parties does not present a "serious and unsettled" question of law of the same magnitude as did Cohen. To extend the Cohen rule to this area is to invite frustration and delay. 9 Moore's Federal Practice P 110.13(9), at 184 (2d ed. 1980).
 
 
 14
 The appeal is dismissed for want of jurisdiction.
 
 
 
 *
 Marion T. Bennett, Judge, United States Court of Claims, sitting by designation
 
 
 [1]
 There may be some question as to whether the state has standing to object to the appeal from an order denying joinder of third-parties to its action. See Allegheny Airlines, Inc. v. LeMay, 448 F.2d 1341, 1343 (7th Cir.), cert. denied, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971). We obviate this question by raising the issue of jurisdiction ourselves
 
 
 [2]
 The district court's order did not " 'end( ) the litigation on the merits and leave( ) nothing for the court to do but execute the judgment,' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), and thus was not a "final decision" within the meaning of 28 U.S.C. § 1291. See Sechrist v. Dyke, 256 F.2d 881 (4th Cir. 1958). Nor was the district court's order an ultimate disposition of a cognizable claim for relief entered in the course of a multiple claims action, Curtiss-Wright Corp. v. General Elec. Co., 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980), certifiable under rule 54(b) and appealable under 28 U.S.C. § 1291. Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S. 572, 100 S.Ct. 800, 807, 63 L.Ed.2d 36 (1980)
 The district court's dismissal without prejudice of Pickands Mather's third party claims distinguishes its order from the appealable orders in other antitrust contribution cases where final judgments had been rendered on the claims by the district court. See Professional Beauty Supply, Inc. v. National Beauty Supply, Inc., 594 F.2d 1179, 1181 (8th Cir. 1979); Wilson P. Abraham Constr. Corp. v. Texas Indus., Inc., 604 F.2d 897, 899 (5th Cir. 1979); Olson Farms, Inc. v. Safeway Stores, Inc., (1979-2) Trade Cas. (CCH) P 62,995 (10th Cir. 1979).
 
 
 [3]
 The Court recognized that if the court of appeals had assumed jurisdiction, reversed the district court and ordered class certification, subsequent pretrial or trial developments might have warranted amendment of the certification order under Fed.R.Civ.P. 23(c)(1). Considerations which might affect the continued maintenance of the class action include the interest of the class members in controlling their own claims, the undesirability of a single forum, the interruption of the progress of litigation already commenced, and the unmanageability of a class action. Fed.R.Civ.P. 23(b)(3)
 
 
 [4]
 An order severing the third party complaint would be warranted if the district court were to find that subsequent pretrial or trial developments would make a joint trial of the liability and contribution claims unmanageable, confusing to the jury, or unnecessarily complex. See Note, Contribution in Antitrust Treble Damage Actions, 6 J. Corp. L. 141, 171-76 (1980)
 
 
 [5]
 In United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Court held that a defendant may not, before trial, appeal a district court's denial of a motion to dismiss an indictment because of an alleged violation of the right to a speedy trial. Id. at 857, 98 S.Ct. at 1550. Two of the reasons given by the Court for finding the district court's order nonappealable were that (1) an acquittal would have mooted the issue, id. at 859, 98 S.Ct. at 1552, and (2) only after trial could the claim be fairly assessed, id. at 860, 98 S.Ct. at 1552