830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maradean BARCUME, Chari Bortner, Barbara Burnett, Ann
Drennan, Lee Ann Gasper, Connie Martin, Maureen McIntyre,
Dawn Skidmore, Jacqueline Sova, Kristine Surdu, Ann
Talt-Harris, Debra Williams, and Michelle Marshke,
Plaintiffs-Appellants (86-1732), Plaintiffs-Appellees (87-1245),
v.
The CITY OF FLINT, a municipal corporation,
Defendant-Appellant (87-1245), Defendant-Appellee
(86-1732), Flint Police Officers
Association,
Defendants-Appellees
(86-1732).
In re CITY OF FLINT, Petitioner (87-1625).
 Nos. 87-1625, 87-1245 and 86-1732
 United States Court of Appeals, Sixth Circuit.
 October 2, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 Petitioner (City of Flint) seeks a writ of prohibition or mandamus to prevent the district court from implementing its order of January 26, 1987, which granted the motion of the plaintiffs in the underlying action (Barcume et al.) to amend their complaint. The district court has responded to the petition.
 
 
 2
 The plaintiffs in the underlying action are female police officers for the City of Flint. On January 30, 1984, the plaintiffs filed a complaint against the City of Flint and the Flint Police Officers Association (FPOA), alleging that an Affirmative Action Plan (AAP) negotiated and approved by the FPOA and the City violated the plaintiffs' civil rights by not specifically including women in the class of officers to be protected by the plan. The complaint alleged that: (1) the Plan was violative of the Elliot-Larsen Civil Rights Act (M.C.L.A. 37.2101 et seq.); (2) the defendants conspired to deprive plaintiffs of their civil rights in violation of 42 U.S.C. Sec. 1985(3); (3) the defendants deprived plaintiffs of their Fifth and Fourteenth Amendment rights by failing to include women in the AAP and (4) the defendant FPOA breached its duty of fair representation (Michigan Public Employers Relations Act--M.C.L.A. 423.1 et seq.). By order of July 15, 1986, the district court granted defendants motion for summary judgment as to the constitutionality of the affirmative action program. The plaintiffs filed a notice of appeal from that order, dockted in this court as No. 86-1732.
 
 
 3
 On December 4, 1985, plaintiffs moved to amend their complaint to include additional factual allegations and to clarify the causes of action alleged in the original complaint. By order of January 26, 1987, the district court granted plaintiff's motion to amend the complaint. Petitioner City of Flint appealed from that order, and that case has been docketed as Case No. 87-1245.
 
 
 4
 By the petition for a writ of prohibition/mandamus, petitioner seeks a writ from this court that would prohibit Judge Newblatt from implementing the order of January 26, 1987, allowing plaintiffs to amend their complaint.
 
 
 5
 The July 15, 1986 order appealed from in Case No. 86-1732 granted summary judgment only as to plaintiffs' claims that the affirmative action plan violated the United States Constitution. Although petitioner argues that the order had the effect of dismissing all claims against it, the order clearly did not dispose of the claim against FPOA. The district court made no express determination that there was no just reason for delay and did not expressly direct entry of final judgment. Under Fed. R. Civ. P. 54(b), the order is not appealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir. 1978). Accordingly, this appeal will be dismissed.
 
 
 6
 The appeal in Case No. 87-1245 was prosecuted from the district court order of January 25, 1987, which granted plaintiffs' motion to amend their complaint. Such an order is not final and appealable. Hartford Fire Insurance Co. v. Herrald, 434 F.2d 638, 639 (9th Cir. 1970); D'Ippolito v. Cities Service Co., 374 F.2d 643, 648 (2d Cir. 1967).
 
 
 7
 The petition for a writ of prohibition/mandamus seeks review of the district court order that permitted plaintiffs to amend their complaint. A possible error regarding the granting or denying of leave to amend pleadings is not reviewable by mandamus; the alleged error is reviewable by way of direct appeal after entry of final judgment. D'Ippolito, 374 F.2d at 648; Herrald, 434 F.2d at 639. Accordingly, the petition for a writ of prohibition/mandamus will be denied.
 
 
 8
 It is ORDERED that the petition for a writ of prohibition/mandamus be denied. It is further ORDERED that the appeals in Case Nos. 87-1245 and 86-1732 be dismissed for lack of jurisdiction.