867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
ALLEGAN METAL FINISHING COMPANY, Defendant-Appellant.
 No. 88-2100.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant, Allegan Metal Finishing Company (AMFCO), filed two appeals from the same judgment, docketed as 88-1835 and 88-2100. A motion to consolidate the appeals was denied. The appeal in 88-1835 has been dismissed for lack of jurisdiction. We raise, sua sponte, the appealability of the order of which AMFCO seeks review in this appeal.
 
 
 2
 Plaintiff, the United States, brought this action under the Federal Resource Conservation and Recovery Act, 42 U.S.C. Sec. 6901 et seq., with respect to AMFCO's operation of two holding ponds. AMFCO seeks review of two portions of that order which denied its motion to join the state of Michigan as a party plaintiff and denied a motion to impanel an advisory jury. The order did not dispose of the entire case nor was it certified for appeal pursuant to Rule 54(b), Fed.R.Civ.P.
 
 
 3
 The denial of a motion to join a party is generally not appealable. See e.g., Minnesota v. Picklands & Mather, 636 F.2d 251 (8th Cir.1980); U.S. v. Taylor, 632 F.2d 530 (5th Cir.1980) (per curiam); Fowler v. Merry, 468 F.2d 242 (10th Cir.1972); Metalock Repair Service v. Harman, 216 F.2d 611 (6th Cir.1954) (per curiam). Further, the denial of the joinder motions does not fall within the collateral order exception. To be appealable as a collateral order, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits, and be effectively unreviewable on appeal from final judgment. Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1136 (1988), quoting Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978). The district court's refusal to join the state of Michigan as a party may be reviewed in an appeal from a final judgment. Difficulties in addressing the issue at that point have little bearing on whether the order is appealable. Stringfellow v. Concerned Neighbors in Action, 107 S.Ct. 1177, 1182 (1987).
 
 
 4
 Denial of AMFCO's motion for an advisory jury is likewise nonappealable. See Morgantown v. Royal Insurance Co., 337 U.S. 254 (1949); Howard v. Parisian, Inc., 807 F.2d 1560, 1566 (11th Cir.1987).
 
 
 5
 Since the order of which AMFCO seeks review is nonappealable, it is ORDERED sua sponte that the appeal is dismissed. See Rule 9(b), Local Rules.