872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Columbus J. SOUTHERLAND, Plaintiff-Appellant,
Glenda Kaye McDonald, Plaintiff,
v.
Billy P. WOFFORD; W. Hayes Pickett, Sr., Defendants-Appellees.
 No. 88-6124.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Review of the papers before the court indicates that on December 17, 1986, appellant, on the basis of diversity jurisdiction under 28 U.S.C. Sec. 1332, filed a complaint setting forth various state causes of action in the District Court for the Middle District of Tennessee. Appellant subsequently moved to add another person as a defendant, but that request was denied by a magistrate charged with the conduct of pretrial matters pursuant to 28 U.S.C. Sec. 636(b)(1) by an order entered on September 9, 1988. Appellant then filed this appeal. As of this date the district court has not entered a final order or judgment on the merits of appellants' claims.
 
 
 3
 This court must dismiss the appeal for lack of jurisdiction. Specifically, an order by a magistrate is not appealable unless he has been given plenary jurisdiction by the district court and the consent of the parties under 28 U.S.C. Sec. 636(c)(1). Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984) (per curiam); Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir.1984). The magistrate was not exercising plenary jurisdiction in this case, but was only acting pursuant to his authority to dispose of pretrial motions under 28 U.S.C. Sec. 636(b)(1). Moreover, even if a district court judge had caused the entry of the order which is the subject of this appeal, this court would still lack jurisdiction as orders denying motions for the joinder of additional parties are not final and appealable. Minnesota v. Pickands & Mather Co., 636 F.2d 251, 252-55 (8th Cir.1980); United States v. Taylor, 632 F.2d 530, 531 (5th Cir.1980) (per curiam); Fowler v. Merry, 468 F.2d 242, 243 (10th Cir.1972) (per curiam).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.